UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
DOMINICK MASIELLO,                                  Case No.:

                      Plaintiff,

        -against-                                    **VERIFIED COMPLAINT**

MTA LONG ISLAND RAILROAD COMPANY,         **PLAINTIFF DEMANDS
                                           A TRIAL BY JURY**

                     Defendant.
------------------------------------------------------------------------x

      Plaintiff DOMINICK MASIELLO ("Plaintiff") by their attorneys White & Hilferty, as and for their Verified Complaint, hereby allege the following:

## NATURE OF THE CASE

1. Plaintiff brings this action alleging that Defendant retaliated against him for lodging complaints raising safety concerns and improper procedures, in violation of federal and state whistleblower statues.

## JURISDICTION & VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000, *et seq.*, and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over Plaintiff's claims brought under state law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as it is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

1

**PROCEDURAL REQUIREMENTS**

5.    5.    On February 21, 2023, Plaintiff filed a Complaint with the Department of Labor—Occupational Safety and Health Administration ("OSHA") alleging violations of the Federal Railway Safety Act.

6.    Plaintiff's complaint was timely filed within the 180-day statutory filing period.

7.    On June 12, 2023, the Secretary of Labor dismissed the Complaint.

**PARTIES**

8.    At all times, Plaintiff Dominick Masiello was and still is a resident of the State of New York, County of Suffolk.

9.    Upon information and belief, Defendant MTA LONG ISLAND RAIL ROAD was and still is a public benefit corporation within the County of Queens, State of New York with its offices located at 93-02 Sutphin Boulevard, Jamaica, New York 11435.

**RELEVANT FACTS**

10.    On March 16, 2016, Defendant hired Mr. Masiello as a Block Operator.

11.    Mr. Masiello is a member of Transportation Communications Union Local 1444.

12.    In February 2017, Mr. Masiello successfully applied to the position of Train Dispatcher, but after three weeks of service, Plaintiff decided to return to his previous position as Block Operator where he worked at various locations as an Extra List Employee.

13.    In July 2018, Plaintiff brought a safety issue to the attention of John Scotto and former chairman Danny Santiago, in which a trainee block operator caused a delay in train

operations and unable to properly address the situation during train rush hour. Defendant failed to address the issue.

14. On November 27, 2018, Defendant mandated Mr. Masiello give a statement regarding a safety issue at the trial office rather than at his normal post. Subsequently, Defendant falsely charged Mr. Masiello absent without leave ("AWOL") for failing to report to his normal post.

15. In 2019, Defendant permanently assigned Mr. Masiello to various locations in Nassau, Queens, and Suffolk Counties.

16. Between September 2022 until March 10, 2023, Mr. Masiello applied to and was awarded a training position in Penn Station.

17. According to Rule 17 of both the Tower Guidelines and the collective bargaining Agreement between the Long Island Rail Road Company and Station Agents, Assistant Agents, and Tower Employees of the Long Island Rail Road Company ("CBA"), trainees should not be assigned to the field unless they have completed their training.

18. Additionally, Mr. Masiello complained about Defendant's use of unqualified trainees despite Mr. Masiello being both qualified and available:

    a) In December 2021, Mr. Masiello notified Dennis Vasquez that Defendant used employees who had not completed training—and were thus unqualified to work as Block Operators—to work in control stations, as they have not finished their training. Vasquez responded that Defendant used trainees "out of desperation."

    b) On December 23, 2022, Mr. Masiello documented Defendant utilizing three individuals—A. Richards, Danielle Lewars, and Devante Thomas—in the workstations despite being unqualified.

    c) On November 7, 2022, Mr. Masiello conveyed concerns to his union representative John Scotto regarding the assignment of unqualified trainees and their potential to make errors and cause injuries.

    d) On December 22, 2022, Mr. Masiello again raised concerns with Scotto and Nick Peluso about the assignment of unqualified trainees as Block Operators.

    e) December 26, 2022, Mr. Masiello documented three individuals—John Reilly, Scotto Miller, and Rochester—that were unqualified yet being used in workstations.

    f) On December 27, 2022, Mr. Masiello documented John Reilly, Arelis Espinal, Danielle Lewars, and Rochester were being used in workstations despite being unqualified;

19. During January 2023, Mr. Masiello observed and documented multiple and repeated safety issues:

    a) On January 3, 2023, Defendant assigned trainee DT Thomas to a workstation despite not finishing training;

    b) On January 5, 2023, Defendant assigned trainees Joo and DT Thomas to a workstation. On the same day, Mr. Masiello submitted complaints on his timeslips about Defendant's use of trainees at workstations as unsafe.

    c) On January 7, 2023, Mr. Masiello conveyed his concerns to his supervisor Vasquez regarding the assignment of unqualified trainees in the field. Plaintiff asserted that he is a qualified employee who completed his training and directed Vasquez that trainees are not on the work roster until they complete their training

      as it is a violation of Rule 17 in the collective bargaining agreement. Plaintiff received no response.

    d) January 9, 2023, three trainees, "Chris Stellato, Chris Santoro and Scott Miller" were used in workstations which they were not qualified to work;

    e) On January 15, 2023, Scott Miller was used in a workstation despite still being a trainee;

    f) On January 17, 2023, Plaintiff again corresponded with Vasquez to convey his concerns regarding the assignment of unqualified trainees in the field before their completion of the training program for Block Operators. Plaintiff received no response.

    g) On January 25, 2023, Plaintiff noted that "AR Richards and SH Harris" both unqualified trainees, were being used as block operators.

20. As a result of his complaints, both Vasquez and Scotto emailed the Crew Management Department with instructions to refrain from utilizing and assigning Mr. Masiello.

21. On January 19, 2023, Penn Station Command Center Manager Gary Wright requested Mr. Masiello report to Defendant's Jamaica office the next morning at 10:00 AM.

22. Wright sent this request via text message to Mr. Masiello's personal cellphone, in violation of Rule 3 of the CBA.

23. Mr. Masiello subsequently found out that Department Head Chris Deronde would be present. Deronde had a history of open hostility towards Mr. Masiello. On multiple occasions, Deronde verbally abused Plaintiff. On one occasion, Deronde physically assaulted Mr. Masiello.

24. Mr. Masiello explained that he was scheduled to work a shift aboard an Amtrak train the next morning pursuant to Appendix J of the CBA, and that he was not comfortable

5

interacting with Deronde given the latter's history. Plaintiff requested that Scotto postpone his direction to report to Jamaica to a time when Mr. Masiello would be available.

25. On January 20, 2023, Mr. Masiello reported to his assigned location aboard an Amtrak train at 7:00 AM, pursuant to Rule 3 of the CBA.

26. Deronde emailed Mr. Masiello's personal email address at 7:24 AM directing Mr. Masiello to report to Jamaica.

27. Pursuant to 49 Code of Federal Regulation § 220, Mr. Masiello was prohibited from utilizing his personal cellphone while on duty in the cabin of the train and thus did not receive Deronde's email.

28. Deronde improperly failed to utilize official means of communicating with Mr. Masiello, instead utilizing a method of communication—personal email—he knew Mr. Masiello would be unable to access.

29. Mr. Masiello's union representative Scotto reported to Jamaica with Deronde.

30. Despite Scotto representing Mr. Masiello, Deronde placed two phone calls to Mr. Masiello's personal cell phone at 10:12 AM and 10:30 AM to direct him to report to Jamaica—again, knowing that Mr. Masiello could not access his personal phone and improperly failing to utilize official channels.

31. At 2:00 PM, Deronde reported Mr. Masiello absent without leave ("AWOL") and removed him from his workstation.

32. Mr. Masiello is the only Block Operator Defendant has charged AWOL. By contrast, Defendant consistently failed to enforce a requirement that employees clock in and clock out of their shifts. Defendant has not designated any employee AWOL for these violations.

33. Supervisor Kevin Ryan called Mr. Masiello's personal cell phone at 2:30 PM, despite it being against regulations for Mr. Masiello to access it.

34. Defendant suspended MR. Masiello without pay for approximately two months before it held a disciplinary hearing, in violation of Rule 36 of the CBA.

35. Deronde's actions were clearly pretextual, and in retaliation for Mr. Masiello's multiple complaints concerning public safety.

36. During February 2023, Mr. Masiello observed and documented approximately fifteen further instances where unqualified trainees were being used in the workstations. For example:

   a) On February 1, 2023, an unqualified trainee known as "Gonzalez;"

   b) On February 8, 2023, an unqualified trainee known by "KL Lopez;"

   c) On February 12 and 13, 2023, "Santoro" and "Rodriguez;"

   d) On February 16 and 17, 2023, "DT Thomas", "Mike McDermott", "SP Pagiarulo;" and

   e) On February 21, 22 and 23, 2023, "AR Richards," "CS Sandro," "SO Overstreet," "SM Morgan," "FP Padro," and "CS Santoro."

37. On February 22, 2023, Mr. Masiello filed a complaint with the Occupational Safety and Health Administration (OSHA) regarding the use of unqualified block operator trainees working in operational positions.

38. On March 10, 2023, Defendant terminated Mr. Masiello's employment based on fabricated charges of insubordination, conduct unbecoming, and being AWOL.

39. On June 12, 2023, OSHA dismissed Mr. Masiello's complaint following a cursory investigation.

40. Defendant retaliated against Plaintiff based upon his multiple complaints of safety issues.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR RETALIATION UNDER
## THE FEDERAL RAILROAD SAFETY ACT
## (49 U.S.C. § 20109)

41. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

42. Defendant's retaliation against Plaintiff concerned one of the activities protected by the Federal Railroad Safety Act, 49 U.S.C. § 20109.

43. The FRSA § 20109(A)(3) states, in pertinent part: "A railroad carrier…or an officer or employee of such a railroad carrier, may not discharge, demote, suspend, reprimand, or in any other way discriminate against an employee if such discrimination is due, in whole or in part, to the employee's lawful, good faith act done…to file a complaint…as applicable to railroad safety or security…or to testify in that proceeding."

44. Plaintiff engaged in activity protected by the FRSA, namely, that he filed multiple complaints with union and to Defendant regarding the use of unqualified individuals who had not completed training as Block Operators.

45. Defendant was directly aware that Plaintiff engaged in said protected activity.

46. Defendant terminated Plaintiff's employment.

47. Plaintiff's engaging in protected activity was the direct cause of Defendant's decision to terminate his employment.

48. Plaintiff's engaging in protected activity was a contributing factor in Defendant's decision to terminate his employment.

49. As a direct and proximate result of Defendant's unlawful conduct in violation of the Federal Railroad Safety Act, 49 U.S.C. § 20109, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, warranting an award of monetary damages and other relief.

50. As a direct and proximate result of Defendant's unlawful conduct in violation of the Federal Railroad Safety Act, 49 U.S.C. § 20109, Plaintiff suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, warranting an award of monetary damages and other relief.

**AS AND FOR A SECOND CAUSE OF ACTION
FOR RETALIATION UNDER
THE NEW YORK STATE CIVIL SERVICE LAW
New York CSL §75-b(2)(a)**

51. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

52. Defendant's retaliation against Plaintiff concerned one of the activities protected by the New York State Civil Service Law § 75-b.

53. CSL § 75-b(2)(a) provides, in pertinent part: "A public employer shall not dismiss or take other disciplinary or other adverse personnel action against a public employee regarding the employee's employment because the employee discloses to a governmental body information … which the employee reasonably believes to be true and reasonably believes constitutes an improper governmental action."

54. Plaintiff to Defendant information regarding violation of laws, rules, and/or regulations which he reasonably believed constituted an improper governmental action.

55. Defendant terminated Plaintiff's employment.

56. Plaintiff's engaging in protected activity was the cause of Defendant's decision to terminate his employment.

57. As a direct and proximate result of Defendant's unlawful conduct in violation of the New York State Civil Service Law § 75-b, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, warranting an award of monetary damages and other relief.

58. As a direct and proximate result of Defendant's unlawful conduct in violation of the New York State Civil Service Law § 75-b, Plaintiff suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, warranting an award of monetary damages and other relief.

## AS AND FOR A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK STATE LABOR LAW (NYSLL 201-d)

59. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

60. Defendant's retaliation against Plaintiff concerned one of the activities protected by the New York State Labor Law § 201-d.

61. New York State Labor Law § 201-d(2)(d) provides, in pertinent part: "…it shall be unlawful for any employer or employment agency to refuse to hire, employ or license, or to discharge from employment or otherwise discriminate against an individual in compensation, promotion or terms, conditions or privileges of employment because of… an individual's membership in a union or any exercise of rights granted under Title 29, USCA, Chapter 7 or under article fourteen of the civil service law."

62. Plaintiff is a member of a union.

63. Plaintiff engaged in protected activity by lodging safety complaints with representatives of his union and Defendant.

64. Defendant terminated Plaintiff's employment membership in, and exercising his rights as a member of, his union.

65. As a direct and proximate result of Defendant's unlawful conduct in violation of the New York State Civil Service Law § 75-b, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, warranting an award of monetary damages and other relief.

66. As a direct and proximate result of Defendant's unlawful conduct in violation of the New York State Civil Service Law § 75-b, Plaintiff suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, warranting an award of monetary damages and other relief.

**WHEREFORE** Plaintiff requests that the Court enter judgment in their favor and against Defendant, containing the following relief:

A. A declaratory judgment that actions, conduct, and practices of Defendant complained of herein violate the laws of the State of New York;

B. An award of damages in the amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic harm;

C. An award of damage in the amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including but not limited to, compensation for mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress;

D. An award of damages for any and all other monetary/non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

E. An award of liquidated and/or punitive damages;

F. An award of costs that Plaintiff incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law;

G. Such other and further relief as the Court may deem just and proper.


Dated: New York, New York
       January 8, 2024


                                        White & Hilferty

                                        _____
                                        Michael P. Hilferty
                                        *Attorneys for Plaintiff*
                                        757 Third Avenue, 20th Floor
                                        New York, New York 10017
                                        (917) 633-5760

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

DOMINICK MASIELLO,   Case No.:

           Plaintiff,

-against-   **VERIFICATION**

MTA LONG ISLAND RAILROAD COMPANY,

           Defendant.
-------------------------------------------------------------------------X

**DOMINICK MASIELLO**, pursuant to the provisions of 28 U.S.C. 1746, declares the following under penalty of perjury that the foregoing is true and correct:

1. I am the Plaintiff in the above-captioned matter.

2. I have read the foregoing Complaint and know the content thereof, that the same is of my own knowledge except as to the matters therein stated upon information and belief; and that as to those matters, I believe the same to be true.

Executed:   Islip, New York
                January 8, 2024

                                                               _/s/ Dominick Masiello_
                                                               DOMINICK MASIELLO